GRIFFIN, J.,
dissenting.
This defendant was charged with child abuse likely to cause injury. See § 827.03(l)(b), Fla. Stat. (1999). He filed a motion to dismiss alleging that there were no material disputed facts and the facts alleged in the probable cause affidavit and police reports did not establish that the defendant did any acts that would constitute child abuse. The undisputed facts were as follows: On November 15, 1998, Vivian Hogan and the defendant were involved in a verbal dispute over their two year old child, Samuel Hogan. At some point, defendant threatened that he would make sure that if he could not have the child neither one of them would have the child. Defendant then entered the room where the two-year-old child was sleeping; defendant got a gun out of a drawer and pointed it to the ceiling as he cocked the gun. Vivian Hogan picked the child up from the bed and removed him from the room. Defendant followed Ms. Hogan from the room and demanded that she give him the child. Defendant was not armed when he left the room, and he made no attempt to prevent her from leaving. Ms. Hogan left the house with the child. The child was asleep during the entire incident and did not witness any of these events.
*949 The state filed a demurrer, stating that the undisputed facts established a prima facie case of guilt. The trial court denied the motion to dismiss, whereupon defendant pled nolo contendere and reserved his right to appeal the denial of that motion. Adjudication of guilt was withheld and defendant was placed on probation for two years.
Chapter 827, Florida Statutes, was amended in 1996 to expand the definition of child abuse. Ch. 96-322, § 8, Laws of Fla. Under section 827.03(l)(b), Florida Statutes (1999), the offense of child abuse includes “an intentional act that could reasonably be expected to result in physical or mental injury to a child.” As amended, the statutory offense of child abuse is no longer confined to actual physical or mental injury inflicted upon a child, but includes any intentional act that could reasonably be expected to result in physical or mental injury to a child.[1] Criminal statutes must be construed narrowly, Wallace v. State, 724 So.2d 1176, 1180 (Fla.1998); section 775.021(1), Florida Statutes (1999), and special care must be taken with a broadly worded statute like this one. Although appellant created a potentially dangerous situation, the statute cannot be construed to punish the defendant based on what reasonable people would expect might happen next. In other words, for injury to the child reasonably to be expected, something more would have had to occur, such as the child waking, or pointing the gun at the child. The question has to be whether a reasonable person would expect that physical or mental injury would be caused to a sleeping child by the presence in the room of an angry man with a gun pointed at the ceiling. The answer to that question is no. Defendant’s conduct is to be disapproved but it is not “child abuse.” I would reverse this conviction.

. It seems incongruous that the crime of "child abuse” can include an act which does not catise any physical or emotional injury to a child.